UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOSE LUIS MORALES,

    Plaintiff,

v.

ROBERT A. HOREL and JOHN DOVEY,

    Defendants.

No. C 06-5828 PJH (PR)

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

This is a civil rights case filed pro se by a state prisoner. Before the court for ruling are plaintiff's motion for appointment of counsel and defendants' opposed motion to dismiss.

## DISCUSSION

**I.   Appointment of Counsel**

There is no constitutional right to counsel in a civil case, *Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981), and although district courts may "request" that counsel represent a litigant who is proceeding in forma pauperis, as plaintiff is here, *see* 28 U.S.C. § 1915(e)(1), that does not give the courts the power to make "coercive appointments of counsel." *Mallard v. United States Dist. Court*, 490 U.S. 296, 310 (1989).

The Ninth Circuit has held that a district court may ask counsel to represent an indigent litigant only in "exceptional circumstances," the determination of which requires an evaluation of both (1) the likelihood of success on the merits and (2) the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

Plaintiff has done an exceptional job of presenting his claims and resisting the motion to dismiss; that it is granted below is a reflection of the intransigent facts, rather than any lack of ability on plaintiff's part. The interests of justice do not require appointment of counsel prior to consideration of the motion to dismiss.

**II.    Defendants' Motion to Dismiss**

Among other things, defendants contend that plaintiff did not exhaust his state administrative remedies before filing his complaint.

**A.    Standard**

The Prison Litigation Reform Act of 1995 amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Although once within the discretion of the district court, exhaustion in prisoner cases covered by § 1997e(a) is now mandatory. *Porter v Nussle*, 122 S. Ct. 983, 988 (2002). All available remedies must now be exhausted; those remedies "need not meet federal standards, nor must they be 'plain, speedy, and effective.'" *Id.* (citation omitted). Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit. *Id.*; *Booth v Churner*, 532 U.S. 731, 741 (2001). Similarly, exhaustion is a prerequisite to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. *Porter*, 122 S. Ct. at 992.

The State of California provides its inmates and parolees the right to appeal administratively "any departmental decision, action, condition or policy perceived by those individuals as adversely affecting their welfare." Cal. Code Regs. tit. 15, § 3084.1(a). It also provides its inmates the right to file administrative appeals alleging misconduct by correctional officers. *See id.* § 3084.1(e). In order to exhaust available administrative remedies within this system, a prisoner must proceed through several levels of appeal: (1) informal resolution, (2) formal written appeal on a CDC 602 inmate appeal form, (3) second

level appeal to the institution head or designee, and (4) third level appeal to the Director of the California Department of Corrections. *See id.* § 3084.5; *Barry v. Ratelle*, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997). A final decision at the director's level satisfied the exhaustion requirement under § 1997e(a). *Id.* at 1237-38.

Nonexhaustion under § 1997e(a) is an affirmative defense. *Wyatt v Terhune*, 315 F.3d 1108, 1119 (9th Cir 2003). It should be treated as a matter of abatement and brought in an "unenumerated Rule 12(b) motion rather than [in] a motion for summary judgment." *Id.* (citations omitted). In deciding a motion to dismiss for failure to exhaust administrative remedies under § 1997e(a), the court may look beyond the pleadings and decide disputed issues of fact. *Id.* at 1119-20. If the court concludes that the prisoner has not exhausted California's prison administrative process, the proper remedy is dismissal without prejudice. *Id.* at 1120.

### B. Background

The complaint sets out the following facts: Defendant Dovey, Director of the Department of Corrections and Rehabilitation, changed the department's policy regarding quarterly hygiene packages that inmates are permitted to buy. Formerly, the packages could contain up to twenty bars of soap; under the new policy, this was reduced to four. This is supplemental or replacement soap, presumably of a higher quality than the state-issue soap; it is undisputed that the prison provides twelve state-issued bars of soap per quarter and that one bar lasts roughly one week, that is, the state-issued soap is sufficient to last the quarter. Plaintiff and many other inmates filed a group petition addressed to Dovey, who returned it to the institution for response. The response by Associate Warden Jacquez did not change the policy. Plaintiff then filed an administrative appeal on his own behalf. It was rejected at all levels, including by defendant Horel, the acting warden, and at the director's level. Plaintiff contends that he is allergic to the state-issue soap and as a result has contracted Bell's Palsy.

In the initial review order the court concluded that plaintiff's claim that defendants were deliberately indifferent to a serious medical need was sufficient to proceed.

3

### C. Analysis

The group petition sent to Dovey was cast in general terms and was not an administrative appeal pursuant to the regulations quoted above in the "standard" section. It therefore did not suffice to exhaust available remedies. Plaintiff seems, rather, to base his contention that he did exhaust his remedies upon his individual administrative appeal. Defendants contend that the administrative appeal was not specific enough to exhaust, however.

Compliance with prison grievance procedures is all that is required by the PLRA to properly exhaust, so the level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion. *Jones v. Bock*, 127 S. Ct. 910, 923 (2007). In California, the regulations permit an administrative appeal to be filed as to "any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare." Cal. Code Regs. tit. 15, § 3084.1(a)." As to content, the regulations only instruct the prisoner to "describe the problem and action requested... ." *Id.* at § 3084.2(a).

Although what would constitute "the problem" might vary depending on the facts of the claim, the court concludes that in this case "the problem" which gave rise to this medical claim is that plaintiff allegedly is allergic to the state-issue soap, and thus the change in policy about buying one's own soap endangered his health – and indeed caused him injury. A review of the administrative appeal, however, shows that plaintiff did not say that he is allergic to the state-issue soap, nor that he suffered or would suffer injury from having to use it. *See* Decl. N. Huynh, exh. 2. This is the only mention of allergies in the grievance: "On another note, there are some inmates that are allergic to the state soap provided and of [sic] the detergent the prison laundry uses. These inmates would have to purchase twice the amount of soap an average person would use since detergent is not available to inmates. Inmates in Pelican Bay State Prison are confined to closed quarters for long periods of time, hygiene is a high standard demand to maintain personal health."

4

*Id.* at 2.2.  In short, plaintiff did not say in the grievance that *he* is allergic to the soap and needs to purchase soap for medical reasons, but rather appeared to be advancing that argument on behalf of other inmates.  Had he specified that he personally could not use the state-issue soap, it might have been possible for the institution to work out some sort of accommodation, such as making an exception for plaintiff, or arranging for medical tests to confirm the allergy and then prescribing soap that would not trigger it.  But not having been told that plaintiff himself was allergic to the soap, defendants had no reason to take such steps.

One of the purposes of the exhaustion requirement is to give the institution a chance to remedy justified inmate grievances without the necessity of court action.  *See Jones v. Bock*, 127 S. Ct. 910, 923 (citing *Johnson v. Johnson*, 385 F.3d 503, 522 (5th Cir. 2004) ("the primary purpose of a grievance is to alert prison officials to a problem ... .")).  The grievance here was not sufficient to alert defendants to "the problem," and thus the possibility of remedial action was prevented.  Under these circumstances, dismissal of the action because of plaintiff's failure to exhaust state remedies enforces the goals of the requirement.  The motion to dismiss will be granted.

## CONCLUSION

Defendants' motion to dismiss (document number 11 on the docket) is **GRANTED**.  This case is **DISMISSED** without prejudice.  The clerk shall close the file.

**IT IS SO ORDERED.**

Dated:  July 31, 2007.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\CR.06\MORALES,J828.MDSMSS.wpd

5